

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Criminal Division*

---

970 Broad Street, Suite 700   *general number:* (973) 645-2700
Newark, New Jersey 07102      *telephone:* (973)645-2719
                              *fax:* (973) 297-2094
                              *e-mail:* jane.yoon@usdoj.gov

JHY/ADL/PL AGR
2014R00057

December 16, 2014

Michael Critchley, Esq.
Critchley, Kinum & Vazquez LLC
75 Livingston Avenue
Roseland, New Jersey 07068

Cr. 15-147 (JEI)

      Re:  <u>Plea Agreement with Norman Brettler</u>

Dear Mr. Critchley:

    This letter sets forth the plea agreement between your client, Norman Brettler, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Norman Brettler to a one-count information charging him with conspiracy to bribe a physician, contrary to 42 U.S.C. § 1320a-7b(b)(2)(A), in violation of 18 U.S.C. § 371. If Norman Brettler enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Norman Brettler for violations of the federal health care program anti-kickback statute from January 2012 to January 2014, relating to payments he made in exchange for patient referrals to medical facilities operated by Tilton Dynamic Imaging, LLC and Positional Imaging Associates, LLC, d/b/a Ocean Upright MRI (together, "the Companies"), of which he was a principal. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, the defendant agrees that any dismissed charges and any other charges that are not

time-barred by the applicable statute of limitations on the date this agreement is signed by Norman Brettler may be commenced against him, notwithstanding the expiration of the limitations period after Norman Brettler signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 to which Norman Brettler agrees to plead guilty carries a statutory maximum prison sentence of 5 years. The statutory maximum fine for this offense is the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Norman Brettler is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Norman Brettler ultimately will receive.

Further, in addition to imposing any other penalty on Norman Brettler, the sentencing judge: (1) will order Norman Brettler to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Norman Brettler to pay restitution pursuant to 18 U.S.C. § 3563(b)(2) or § 3583(d); (3) may order Norman Brettler, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (5) pursuant to 18 U.S.C. § 3583, may require Norman Brettler to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Norman Brettler be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Norman Brettler may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Norman Brettler by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Norman Brettler's activities and relevant conduct with respect to this case.

Stipulations

This Office and Norman Brettler agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Norman Brettler from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Norman Brettler waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(7), Norman Brettler agrees to the entry of a forfeiture money judgment in the amount of $115,000.00, representing all property, real and personal, that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the commission of the conspiracy to violate 42 U.S.C. § 1320a-7b(b)(2)(A) charged in the Information, which is a Federal health care offense as defined in 18 U.S.C. § 24 (the "Forfeiture Money Judgment").

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service. On or before the date he enters his plea of guilty pursuant to this agreement, Norman Brettler shall cause said check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

If the Forfeiture Money Judgment is not paid on or before the date Norman Brettler enters his plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if Norman Brettler fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, Norman Brettler consents to the forfeiture of any other property, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

Norman Brettler also agrees to consent to the entry of a Consent Judgment and Order of Forfeiture for the Forfeiture Money Judgment, and any further orders that may be necessary to enforce the Forfeiture Money Judgment, and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of a Consent Judgment of Forfeiture that will be final as to the Forfeiture Money Judgment prior to the defendant's sentencing. Norman Brettler understands that the imposition of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

It is further understood that any forfeiture of Norman Brettler's assets shall not be treated as satisfaction of any fine, restitution, cost of

imprisonment, or any other penalty the Court may impose upon his in addition to forfeiture. Norman Brettler hereby waives any and all claims that the forfeiture constitutes an excessive fine and agrees that the forfeiture does not violate the Eighth Amendment.

It is further understood that the Office will recommend to the Attorney General that any forfeited money or property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, it being understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Norman Brettler. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Norman Brettler.

No provision of this agreement shall preclude Norman Brettler from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Norman Brettler received constitutionally ineffective assistance of counsel.

Norman Brettler shall ensure that, prior to the date of sentencing, he has: (1) filed accurate and/or amended personal income tax returns and income tax returns for the Companies for calendar years 2012 through and including 2013; (2) provided all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) paid to the Internal Revenue Service all taxes and any penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperated with the Internal Revenue Service and complied with the tax laws of the United States. Further, Norman Brettler agrees to allow the contents of his and the Companies' Internal Revenue Service files to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Norman Brettler and the Companies. With respect to disclosure of the file to the Internal Revenue Service, Norman Brettler waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Norman Brettler's tax returns and return information.

No Other Promises

This agreement constitutes the plea agreement between Norman Brettler and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: _____
JANE H. YOON
ANDREW D. LEVEN
Assistant U.S. Attorneys

APPROVED:

_____
JACOB T. ELBERG
Chief, Health Care and Government Fraud Unit

6

I have received this letter from my attorney, Michael Critchley, Esq., and I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    Date: 12/23/14
NORMAN BRETTLER

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date: 12/23/14
MICHAEL CRITCHLEY, ESQ.
Counsel for Norman Brettler

<u>Plea Agreement with Norman Brettler</u>

<u>Schedule A</u>

1.    This Office and Norman Brettler recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Norman Brettler nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Norman Brettler within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Norman Brettler further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.    The version of the United States Sentencing Guidelines, effective November 1, 2014, applies in this case.

3.    The guideline that applies to the charged conspiracy is U.S.S.G. § 2X1.1 (a). The Base Offense Level is derived from the base offense level from the guideline for the substantive offense that was the object of the conspiracy (i.e., bribery). Because the defendant and a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense, a 3-level decrease does not apply. <u>See</u> U.S.S.G. § 2X1.1(b)(2).

4.    The guideline that applies to the substantive offense that was the object of the conspiracy is U.S.S.G. § 2B4.1 (bribery), which provides for a base offense level of 8.

5.    Because the loss or improper benefit conferred as a result of the bribery was more than $70,000, but not more than $120,000, U.S.S.G. § 2B1.1(b)(1)(E) applies, resulting in an increase of 8 levels. <u>See</u> U.S.S.G. § 2B4.1(b)(1)(B).

6.    As of the date of this letter, Norman Brettler has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Norman Brettler's acceptance of responsibility continues through the date of sentencing. <u>See</u> U.S.S.G. § 3E1.1(a).

7.    As of the date of this letter, Norman Brettler has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Norman Brettler's offense level pursuant to

U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Norman Brettler enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Norman Brettler's acceptance of responsibility has continued through the date of sentencing and Norman Brettler therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Norman Brettler's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8.  In accordance with the above, the parties agree that the total Guidelines offense level applicable to Norman Brettler is 13 (the "agreed total Guidelines offense level").

9.  The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 13 is reasonable.

10. Norman Brettler knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 13. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.